**Abatement Order filed August 27, 2015.**



InThe

# Fourteenth Court of Appeals

_____

## NO. 14-14-00865-CV
_____

**CORESLAB STRUCTURES (TEXAS), INC., Appellant**

**V.**

**SCOTTSDALE INSURANCE COMPANY, Appellee**

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2010-55665A**

---

## ABATEMENT ORDER

The appellate record reflects the following procedural history:

- In July 2012, in cause no. 2010-55665, in the 55th Judicial District Court of Harris County, Texas, defendant Coreslab Structures (Texas), Inc. asserted third-party claims against third-party defendant Scottsdale Insurance Company.

- In December 2012, in the same case, Scottsdale asserted a counterclaim against Coreslab seeking a declaratory judgment on the duty-to-defend issue.

- In January 2014, the trial court severed Coreslab's claims against Scottsdale and Scottsdale's counterclaim against Coreslab into cause no. 2010-55665A, in the 55th Judicial District Court of Harris County, Texas. All subsequent references are to filings in the severed case.

- In April 2014, Scottsdale filed an amended answer, affirmative defenses, special exceptions, jury demand, and counterclaim. In that document Scottsdale asserted a different counterclaim against Coreslab, in which Scottsdale sought judgment against Coreslab for legal and equitable relief, attorney's fees, and interest. Scottsdale did not state in that document that it was abandoning, amending, or superseding its prior counterclaim.

- On June 16, 2014, the trial court signed an "Order Denying Plaintiff's Motion for Reconsideration," in which the court stated that it granted Scottsdale's motion for entry of a take-nothing judgment and dismissed Scottsdale's counterclaim as moot. On the same day, the trial court signed a "Proposed Agreed Take-Nothing Judgment," in which the court ordered that Scottsdale take nothing as to its counterclaim against Coreslab. These two documents constituted a single, final judgment, in which the trial court both dismissed Scottsdale's counterclaim as moot and ordered that Scottsdale take nothing as to its counterclaim. *See Henderson v. Shanks*, 449 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

- On July 23, 2014, while the trial court still had plenary power, the trial court signed an amended judgment in which it ordered that Scottsdale take nothing as to its counterclaim and did not dismiss Scottsdale's counterclaim as moot.

- On August 25, 2014, while the trial court still had plenary power, the trial court signed an order in which it (1) denied Coreslab's motion for new trial, (2) vacated its judgment of June 16, 2014, and (3) vacated its amended judgment of July 23, 2014, thus reinstating Coreslab's claims and Scottsdale's counterclaim.[1]

---

[1]In post-submission briefing, Coreslab and Scottsdale both cite the August 25, 2014 order as one in which the trial court dismissed Scottsdale's counterclaim. Under the unambiguous language of the order contained in our appellate record, the trial court did not dismiss Scottsdale's counterclaim in the August 25, 2014 order. Instead, the trial court vacated prior judgments in which the court had disposed of Scottsdale's counterclaim, thus reinstating Scottsdale's counterclaim.

- On September 30, 2014, the trial court signed an order in which it granted Scottsdale's motion for summary judgment and ordered that Coreslab take nothing as to its claims against Scottsdale.

This is an appeal from the September 30, 2014, summary-judgment order. The record reflects that when the trial court signed this order, at least one, and perhaps two, counterclaims by Scottsdale were pending. Our record does not contain a nonsuit or severance of any counterclaim by Scottsdale, and no party asserts that any counterclaim by Scottsdale was nonsuited or severed. In its summary-judgment order, the trial court did not mention or adjudicate any counterclaim by Scottsdale, nor did the trial court include in its order language stating with unmistakable clarity that it was rendering a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001). It appears from the record that the judgment is not final.

The Supreme Court of Texas has advised that if an appellate court is uncertain about the intent of an order to dispose finally of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See id.* at 206. Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the summary judgment is final. A supplemental clerk's record containing the trial court's clarifying order shall be filed with the clerk of this court on or before October 7, 2015.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.